UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| TERRENCE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:04-cv-54 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| FABIAN W. LaVIGNE, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| | ) | |

      This habeas corpus action is now pending before the United States Court of Appeals for the Sixth Circuit. Petitioner's counsel has filed a motion pursuant to Fed. R. App. P. 10(e)(2)(B) to supplement the appellate record by adding thereto a full copy of the preliminary examination transcript from the state district court. For the reasons set forth below, the court finds that petitioner's motion, although unopposed by respondent, is improper and must be denied.

      As an attachment to his original brief in support of habeas corpus relief, petitioner's trial court counsel attached an eleven-page excerpt from the state preliminary examination transcript. (Brief, docket # 2, Appendix E). In response to this court's order directing that relevant portions of the state record be submitted pursuant to Habeas Rule 5, the Attorney General submitted voluminous transcripts, but not the transcript of the preliminary examination. (*See* Index of Rule 5 Materials, docket # 17). Thereafter, neither party submitted to this court any further factual materials or sought to further expand the record as allowed by Habeas Rule 7. This court's resolution of petitioner's three habeas corpus claims thereafter proceeded on the basis of the record properly before it.

Petitioner now seeks to "supplement the record" pursuant to Fed. R. App. P. 10(e)(2)(B).  Appellate Rule 10(e)(2) provides as follows:

> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>
> (A) on stipulation of the parties;
>
> (B) by the district court before or after the record has been forwarded; or
>
> (C) by the court of appeals.

Petitioner's motion concedes that the full preliminary examination transcript was not part of the record in this court and that the court had available to it only an eleven-page excerpt.  Curiously, however, petitioner's appellate counsel states that petitioner "does not attempt to add completely new evidence into the record, but simply to present a complete and accurate record for the Appellate Court's consideration."  (Motion, docket # 54, at 2).[1]  This is a roundabout way of saying that petitioner seeks to inject into the appellate record factual material that was not before the district court.

Under clear Sixth Circuit authority, Rule 10(e) allows amendment of the record on appeal only in two circumstances: "(1) when the parties dispute whether the record actually discloses what occurred in the district court and (2) when a material matter is omitted by error or accident." *United States v. Barrow*, 118 F.3d 482, 487 (6th Cir. 1997).  Courts should amend the record under Rule 10(e) only to ensure that the appellate record accurately reflects the record before

---

[1] Petitioner did not include the preliminary examination transcript as an exhibit in support of his motion, and there is no apparent reason why the appellate record should be burdened with material that was not important enough to be presented to the district court.

the district court. *Id.* It should be clear that petitioner's motion does not seek to ensure that the appellate record accurately reflects the record before this court. Rather, petitioner is attempting to obtain appellate review of this court's decision on a record different from the one presented to this court. Numerous Sixth Circuit cases hold that Rule 10(e) may not be used to introduce new evidence in the Court of Appeals. *See, e.g.*, *Howard v. Bouchard*, 405 F.3d 459, 468 (6th Cir. 2005), *cert. denied*, 126 S. Ct. 1032 (2006); *United States v. Murdock*, 398 F.3d 491, 500 (6th Cir. 2005); *United States v. Smith*, 344 F.3d 479, 486 (6th Cir. 2003); *Inland Bulk Transfer Co. v. Cummins Engine Co.*, 332 F.3d 1007, 1012 (6th Cir. 2003). "A party may not by-pass the fact-finding process of the lower court and introduce new facts in its brief on appeal." *Inland Bulk Transfer*, 332 F.3d at 1012 (quoting *Sovereign News Co. v. United States*, 690 F.2d 569, 571 (6th Cir. 1982)).

Normally, the record on appeal consists of "the original papers and exhibits filed in the district court," "the transcript of proceedings, if any," and "a certified copy of the docket entries prepared by the district clerk." FED. R. APP. P. 10(a). If certification of the foregoing documents to the appellate court fails somehow to reflect the factual matters considered by the district court, a motion under Rule 10(e) is proper. *Inland Bulk Transfer*, 332 F.3d at 1012. Rule 10(e) does not justify an attempt to add "new material that was never considered by the district court." *Id.* Accordingly, petitioner's motion will be denied.


Dated:  March 7, 2006             /s/ Joseph G. Scoville
                                  United States Magistrate Judge