UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| TERRENCE WILLIAMS, ) | |
| ) | |
| Petitioner, ) | Case No. 1:04-cv-54 |
| ) | |
| v. ) | Honorable Robert Holmes Bell |
| ) | |
| FABIAN W. LaVIGNE, ) | |
| ) | **MEMORANDUM OPINION** |
| Respondent. ) | |
| _____) | |

      This was a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. By order entered February 24, 2005 (docket # 45), this court denied habeas corpus relief. The court's order followed its *de novo* review of petitioner's objections to the report and recommendation of the magistrate judge, which thoroughly analyzed each of petitioner's three grounds for habeas corpus review. Petitioner appealed to the Sixth Circuit Court of Appeals, which appointed counsel for purposes of appellate review. By unpublished opinion issued December 22, 2006, a panel of the Court of Appeals affirmed this court's denial of habeas corpus relief. (*Williams v. Lavigne*, No. 05-1398 (6th Cir. Dec. 22, 2006). Circuit Judge Clay dissented and would have remanded the matter to this court for an evidentiary hearing on a Sixth Amendment claim that Judge Clay believed both the state courts and this court had misconstrued. On October 1, 2007, the Supreme Court of the United States denied *certiorari*.

      Presently pending before this court is petitioner's motion for relief from judgment, filed pursuant to Rule 60(b)(4) of the Federal Rules of Civil Procedure. Petitioner filed his Rule

60(b) motion over three years after the entry of judgment by this court, over one year after the judgment of the Court of Appeals, and over six months after the Supreme Court denied *certiorari*. In his motion, petitioner contends that this court's judgment was "void" within the meaning of Fed. R. Civ. P. 60(b)(4), because the judgment was entered in violation of petitioner's right to due process. The only due process violation identified by petitioner is this court's alleged failure to rule upon the Sixth Amendment claim of ineffective assistance of counsel identified in Judge Clay's dissent. For the reasons set forth below, the court will deny petitioner's motion for relief from judgment.

## **Discussion**

Rule 60(b) authorizes a district court to grant relief from a judgment or order on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). A party seeking relief from judgment under Rule 60(b) has the burden of demonstrating that the facts of his case fall within one of the enumerated reasons contained in Rule 60(b). *See Jinks v. Allied Signal, Inc.*, 250 F.3d 381, 385 (6th Cir. 2001) (citing *Lewis v. Alexander*,

987 F.2d 392, 396 (6th Cir. 1993)).  "Rule 60(b) does not allow a defeated litigant a second chance to convince the court to rule in his or her favor by presenting new explanations, legal theories or proof."  *Jinks*, 250 F.3d at 385.  "Most of the grounds for relief relate to, if not require, new information about the case that could not reasonably have been discovered earlier."  *GenCorp, Inc. v. Olin Corp.*, 477 F.3d 368, 372 (6th Cir. 2007).  The United States Court of Appeals reviews district court decisions granting or denying motions pursuant to Rule 60(b) under a deferential "abuse of discretion" standard.  *See  Ford Motor Co. v. Mustangs Unlimited, Inc.*, 487 F.3d 465, 468 (6th Cir. 2007).  "A finding of an abuse of discretion requires a definite and firm conviction that the trial court committed a clear error of judgment."  *Id.*

The only ground for relief advanced by petitioner is that this court's judgment is "void" within the meaning of Fed. R. Civ. P. 60(b)(4).  A void judgment is a legal nullity.  Therefore, a court considering a motion to vacate such a judgment is bound to do so if the judgment is indeed void.  *See Jordon v. Gilligan*, 500 F.2d 701, 704 (6th Cir. 1974).  A judgment is not void merely because it is erroneous:

> A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack.  A void judgment is one which, from its inception, was a complete nullity and without legal effect.  In the interest of finality, the concept of void judgments is narrowly construed.

*Fafel v. Dipaola*, 399 F.3d 403, 410 (1st Cir. 2005) (quoting *Lubben v. Selective Serv. Sys. Local Bd. No. 27*, 453 F.2d 645, 649 (1st Cir. 1972)).  A judgment is void only if the court that rendered it lacked jurisdiction of the subject matter, or personal jurisdiction over the parties, or if it acted in a manner inconsistent with due process of law.  *See Doe v. Lexington-Fayette Urban County Gov't*,

407 F.3d 755, 761 (6th Cir. 2005) (due process violation); *Jackson v. FIE Corp.*, 302 F.3d 515, 528 (5th Cir. 2002) (lack of jurisdiction).

In the present case, petitioner argues that he was deprived of due process of law by this court when the court failed to adjudicate one aspect of his challenge to trial counsel's effectiveness. This alleged ground for relief eluded the state courts, the magistrate judge, and this court. It was only when appointed appellate counsel raised the issue in the Sixth Circuit Court of Appeals that one judge of that court discerned the existence of a claim of ineffective assistance of counsel arising from trial counsel's failure to challenge the reliability of the eye witness identification by Derrick Harrell. A majority of the Court of Appeals read the habeas petition the same way that this court did. Only Judge Clay discerned a Sixth Amendment claim arising on this ground. Whether the majority was correct or Judge Clay was correct is immaterial at this juncture. If this court did indeed fail to discern correctly the nature of petitioner's Sixth Amendment claim, that failure did not amount to a due-process violation affecting the legal validity of the judgment. At best, it was an error that could have been (and indeed was) raised on direct appeal. If a majority of the Court of Appeals panel had agreed with petitioner, it would have concurred with Judge Clay's disposition of the case and remanded the action to this court. The Court of Appeals did not do so, and its judgment is now final and unassailable.[1]

---

[1] With all respect to Judge Clay's reading of the habeas corpus petition and state-court record, this court persists in its view that the only Sixth Amendment claim properly preserved and raised in the habeas corpus petition was the claim that counsel was ineffective for failing to object to the calling of Harrell as a witness because petitioner did not have counsel at the time Harrell was interviewed by police. A majority of the Court of Appeals panel agreed with this court's reading of the petition in this regard. Hence, this court rejects the argument that its judgment was erroneous, let alone reflected a due-process violation.

In essence, petitioner's motion for relief from judgment seeks to reopen a judgment on the basis of an argument that was raised on direct appeal in this case, rejected by a majority of the Court of Appeals, and accepted only by the dissent. Final judgments of the district court are not subject to collateral attack on the basis of arguments rejected on direct appeal. The motion for relief from judgment will therefore be denied.

Date:      April 23, 2008                 /s/ Robert Holmes Bell
                                                    ROBERT HOLMES BELL
                                                    CHIEF UNITED STATES DISTRICT JUDGE