UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TERRENCE WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | Case No. 1:04-cv-54 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| FABIAN W. LaVIGNE, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | |
| _____ | ) | |

This was a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. By judgment entered February 24, 2005 (docket # 45), this court denied habeas corpus relief. Petitioner appealed to the Court of Appeals, which provided him with appointed counsel. During the pendency of the appeal, appointed counsel filed a motion in this court to supplement the record. (docket # 55). At that point, this court's docket sheet was amended to reflect the fact that appointed counsel was representing petitioner. On April 30, 2007, the Court of Appeals issued its mandate affirming dismissal of the petition. On October 1, 2007, the Supreme Court of the United States denied *certiorari*.

On April 21, 2008, petitioner filed a *pro se* motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(4). Petitioner's motion argued that the court's judgment was void because it denied him due process of law. This court issued an order denying the motion for relief from judgment on April 24, 2008. According to this court's records, a copy of the order was served electronically on attorneys Tracy Hannan and Diane Mews, appointed counsel for petitioner who

had previously appeared in this court. Apparently, the Clerk did not serve a copy on petitioner himself. No appeal from that order was taken.

Presently pending before this court is petitioner's *pro se* motion to reopen the time to file an appeal, submitted under Fed. R. App. P. 4(a)(6). That rule empowers a district court to reopen the time to file an appeal for fourteen days after the date of its order, if the court finds that "the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry." In the present case, this court's own record shows that petitioner was not served with a copy of the memorandum opinion or order denying his motion for relief from judgment, but that service was made upon counsel whose appointment had elapsed months earlier. To be entitled to relief under Appellate Rule 4(a)(6), a movant must also show that his motion is filed within 180 days after the judgment or order was entered or within seven days after he has received notice under Rule 77(d) of the entry of the order, whichever is earlier. Petitioner has satisfied this second requirement as well. Finally, the court must find that no party would be prejudiced, and this court discerns no prejudice in opening the time to file an appeal.

This court will therefore enter an order opening the time to file an appeal. Because petitioner's Rule 60(b)(4) motion was filed in a habeas corpus case, petitioner requires a certificate of appealability in order to proceed with an appeal. *See United States v. Hardin*, 481 F.3d 924 (6th Cir. 2007). A certificate of appealability may issue only if the applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see Slack v. McDaniel*, 529 U.S. 473 (2000). A petitioner satisfies this standard by showing that reasonable jurists could disagree with the district court's resolution of his constitutional claims. *Banks v. Dretke*, 540 U.S.

668, 705 (2004). Applying this standard, the court finds that petitioner should not be granted a certificate of appealability. As this court thoroughly explained in its memorandum opinion (docket # 64), petitioner has no arguable basis for asserting that the court's previous judgment, which was affirmed by the Court of Appeals, was "void" within the meaning of Fed. R. Civ. P. 60(b)(4). Petitioner raised the same issue on appeal, and the majority of the panel rejected the claim on its merits. Petitioner will therefore be denied a certificate of appealability.


Date:   July 16, 2008                    /s/ Robert Holmes Bell
                                         ROBERT HOLMES BELL
                                         CHIEF UNITED STATES DISTRICT JUDGE